```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
1199SEIU UNITED HEALTHCARE WORKERS EAST,                           :
                                                                   :
                                    Petitioner,                    :
                                                                   :           22-cv-531 (LJL)
            -v-                                                    :
                                                                   :                ORDER
ALARIS HEALTH AT HAMILTON PARK,                                    :
CONFIDENCE MANAGEMENT SYSTEMS,                                     :
                                                                   :
                                    Respondents.                   :
                                                                   :
-------------------------------------------------------------------X
```

>  USDC SDNY
>  DOCUMENT
>  ELECTRONICALLY FILED
>  DOC #:_____
>  DATE FILED:  5/3/2022

LEWIS J. LIMAN, United States District Judge:

      By Memorandum and Order dated April 11, 2022, the Court confirmed an Arbitration Award in favor of Petitioner and awarded attorneys' fees and costs. Dkt. No. 16. In its Memorandum and Order, the Court noted that the Arbitration Award contained slightly different amounts for certain employees than did Petitioner's submissions. *See id.* at 5–6 n.2–n.4. Petitioner has submitted a proposed judgment containing the sums it claims are owed pursuant to the Arbitration Award and offers in support tables that contain the amounts for those employees that were in Petitioner's submissions where those amounts differed from those set forth in the Arbitration Award. In Petitioner's counsel's declaration in support of the proposed judgment, Petitioner's counsel states that "[w]here there were transcription errors in the Arbitrator's awards, the Union relied on the underlying documents upon which the Arbitrator's rulings were based." Dkt. No. 17-1 at 2 n.1. Petitioner's submissions also calculate interest on all sums owed by CMS through April 30, 2022; while the submission does not provide the start date of the interest, counsel's declaration suggests that the interest recorded does not represent the 9% pre-judgment interest from March 31, 2021 permitted by the Court's April 11, 2022 Memorandum and Order but rather the interest it believes was awarded pursuant to the Arbitration Award. *See* Dkt. No. 17-1 ¶ 6 ("As the Arbitrator awarded interest at 9%, the Union did not calculate additional interest to account for the pre- and post-judgment interest awarded by the Court."); *see also* Dkt. No. 17-1 at ECF p. 13–14. However, the Arbitration Award did not award interest on $51,729.24 owed by CMS pursuant to the award the Arbitrator issued in October 2020, which was incorporated into the Arbitration Award and which set forth the sums owed pursuant to an award issued in December 2015. *See* Dkt. No. 1-1 at 4 (stating that other sums shall have 9% interest added to it but declining to so state for this sum); Dkt. No. 16 at 4 ("The October 2020 Award required Respondents to pay . . . $51,729.[24] for affected employees of CMS . . . .").

      The amounts set forth in the proposed judgment thus appear to be based not on the amounts set forth in the Arbitration Award that was confirmed by the Court. Petitioner is directed to submit a revised proposed judgment that bases its calculations on the amounts

awarded by the Arbitration Award that it asked the Court to confirm and to do so by May 10, 2022.  Petitioner should include the total interest owed through the date of submission—whether pursuant to the Arbitration Award or the pre-judgment interest awarded by Court's Memorandum and Order—and provide the Court with a daily rate of additional interest for calculation until the date the judgment is entered.  Any post-judgment interest awarded pursuant to 28 U.S.C. § 1961(a) will accrue from the date the judgment is entered.

    SO ORDERED.

Dated: May 3, 2022
       New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge